ALLSTATE INSURANCE COMPANY *v.* MATHIS.

5-2188                                        339 S. W. 2d 132

Opinion delivered October 3, 1960.

[Rehearing denied November 7, 1960]

*Barber, Henry, Thurman & McCaskill,* for appellant.

*Pope, Pratt & Shamburger,* by *Richard L. Pratt* and *Joseph L. Buffalo, Jr.,* for appellees.

J. Seaborn Holt, Associate Justice. Rachel Anderson was the named insured in an assigned risk automobile liability insurance policy issued by the appellant, Allstate Insurance Company. Dee Mathis and two of his children were injured when an automobile owned by Rachel Anderson collided with the Mathis car. At the time of the collision the automobile was not being driven by Rachel Anderson but by Harry Davidson, a friend of Rachel Anderson's brother, James Vines. James Vines lived in the home of his sister Rachel Anderson. The present suit was commenced by Mathis against Allstate to enforce the policy provisions which Mathis claims covered Davidson, and which Allstate denies. A jury trial resulted in a verdict in favor of appellee, Mathis, and Allstate has appealed.

For reversal appellant relies on the following points:

(1) That the trial court erred in refusing to instruct a verdict in favor of appellant, Allstate Insurance Company, and

(2) In giving certain instructions requested by appellee, and in refusing to give Defendant's requested instructions No. 2 and No. 4 and

(3) Erred in allowing appellee an attorneys' fee of $2,000.00.

The insurance policy here involved, contained this provision:

"With respect to insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

The evidence discloses that Rachel Anderson had expressly told her brother, James Vines, on several occasions not to let Davidson drive the car, however, on the Saturday preceding the collision on the following day, Sunday, Davidson came to the home of Rachel Anderson and asked for her car to go to his mother's home. Miss Anderson testified that she allowed him to have the car but did not let him drive alone but accompanied him to his mother's home. While at his mother's home Miss Anderson allowed Davidson to take the car to a nearby store to procure medicine for his mother. Later that day, Rachel Anderson gave permission to her brother, James Vines to use the car. Vines and Davidson left in the car and drove by to pick up their girl friends. After picking the girls up, it was decided to drive to Louisiana. They drove all night to Louisiana and arrived back in Little Rock Sunday morning. The boys drank beer and Vodka during the trip and they both drove the automobile. After arriving back in Little Rock, they went to a motel where Vines registered and remained with his date. Vines instructed Davidson to take the other girl to work. While Davidson was gone on this trip to town, after delivering the girl to her work, the collision occurred.

After a careful review of the evidence presented, viewed in the light most favorable to appellee as we must, we do not agree with appellant's contention that the Court should have instructed a verdict in its favor. We hold that there was some substantial evidence sufficient to take the case to the jury, and if it had been properly instructed, to have sustained the jury's verdict.

Among the instructions given were the following:

Plaintiff's Instruction No. 3

"You are instructed that if you find from a preponderance of the evidence that James Vines had permission of Rachel Anderson to use the automobile in question, and further that at the time the automobile was involved in the accident it was being used for a benefit, advantage or purpose of James Vines, then you are advised that the automobile was being used within the

permission given and your verdict will be for the Plaintiffs. Unless you find that Harry S. Davidson had actually been forbidden to drive the automobile by Rachel Anderson and that such refusal had not been revoked.''

This instruction was correct.

Plaintiff's Instruction No. 2

''You are instructed that if you find from a preponderance of the evidence that Harry Steve Davidson was told by the named insured, Rachel Anderson, not to use the automobile in question, if at all, and further that after such refusal of permission was made, if at all, she knowingly permitted Harry Steve Davidson to drive said automobile, then you are instructed that her previous refusal of permission to the said Harry Steve Davidson, if at all, was thereby revoked and in determining whether or not there was implied permission for Harry Steve Davidson to use the automobile in question, you should consider all of the facts and circumstances of the case relating to that particular matter.''

We would affirm but for the error in giving, over appellant's general objections, appellee's instruction No. 2. The vice in this instruction is in the use of the phrase:

''... then you are instructed that her previous refusal of permission to the said Harry Steve Davidson, if at all, was thereby revoked.''

Whether Rachel Anderson's permission to Davidson to drive the automobile after she had previously refused him permission, automatically revoked her previous refusal of permission to Davidson, was a question of fact for the jury under a proper instruction.

Accordingly, the judgment is reversed and the cause remanded.